UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Justin Todd Morgan,<br>Plaintiff,<br><br>v.<br><br>Holy City Heating & Air, LLC<br>Defendant. | CASE NO.: 2:26-cv-3616-RMG-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. § 12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about May 27, 2026.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Plaintiff, Justin Todd Morgan, is a citizen and resident of Berkeley County, South Carolina.

5. The Defendant, Holy City Heating & Air, LLC, is upon information and belief, is a domestic corporation organized and operating in the State of South Carolina located in this judicial district.

6. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendant employs fifteen (15) or more employees and is an “employer” within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

10. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. On or about April 15, 2025, Plaintiff began working for the Defendant as an electrician. Upon his employment with the Defendant, Plaintiff informed Defendant of his disability, severe PTSD from his active-duty military combat service.

12. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff has been an individual with a “disability” within the meaning of Sec. 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a medical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

13. On or about May 20, 2025, Plaintiff was injured at work, when he suffered a heat stroke working on a roof in the summer heat. Anthony Verdeme, Human Resources Accounting, knew that Plaintiff took PTSD medication, and tried to blame the incident on dehydration from his PTSD medication.

14. The Plaintiff was working on a rooftop in downtown Charleston, South Carolina, in extreme heat, and had to be transported by EMS to the hospital emergency room. After the incident, Plaintiff’s co-workers began making derogatory comments and insulting Plaintiff behind his back and to his face

15. After the incident, the Defendant company began to give Plaintiff less service calls and he also began to receive less help from his co-workers.

16. Plaintiff was immediately retaliated against for the incident. Plaintiff was terminated by Defendant on August 19, 2025 for pretextual reasons.

17. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and did his job, despite the reduction in service calls and the taunting.

18. Plaintiff suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff has been an individual with a “disability” within the meaning of Sec. 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).

More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

19. Plaintiff is a "qualified individual with a disability" as that term is defined in Sec. 101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of several jobs in Defendant's employment.

20. Plaintiff asserts that the reasons given for his termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on his disability and workers' compensation claim.

21. Plaintiff also sustained a workers' compensation injury, which the Defendant refused to pay for and left him stuck with all the related bills.

22. As a direct and proximate result of Defendant's discrimination on the basis of disability, and his workers' compensation injury, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

23. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

24. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

25. As alleged above, Plaintiff has a medical disability and sustained a work injury. Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

26. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, emotional distress, plus interest, payment for lost benefits, pay, and attorney fees and costs.

27. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

28. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

29. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

30. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

31. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

32. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

33. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation for employment and failed to honor the accommodation requested by Plaintiff.

34. Based on Plaintiff's disability and request for accommodation, Defendant retaliated against Plaintiff in his employment, in violation of the Act.

35. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

**FOR A SECOND CAUSE OF ACTION**
**RETALIATION**

36. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

37. As alleged above, Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

38. That Plaintiff's requested accommodation was made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

39. That shortly after requesting said accommodation, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

40. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

41. The Plaintiff's disability and filing of a workers' compensation claim were determining factors in the retaliation and wrongful discharge of Plaintiff in violation of SC Code §41-1-80. But for Plaintiff's association disability and filing of a workers' compensation claim, he would not have been terminated.

42. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

43. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

44. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the ADA, and SC Code §41-1-80.

45. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the ADA, and SC Code §41-1-80, and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

46. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, mental distress, medical bills, and further seeks attorney's fees and costs and prejudgment interest.

47. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. # 6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
August 21, 2026